MARTIN *v.* BARLOW, Administrator.

In an action of assumpsit by an administrator for a quantity of charcoal delivered and money lent by the intestate to the defendant, the plaintiff proved the first item clearly, and, in order to prove the latter, introduced a witness who testified that he heard the defendant tell the intestate, at, &c., that if the latter would advance the money and purchase iron for a wagon, he would put the iron on the wagon, sell the wagon, and pay

May Term,
1852.

Martin
v.
Barlow.

the intestate what he owed him; and that the intestate purchased and paid for the iron and delivered it to the defendant. The witness was the holder of a claim against the intestate's estate, but it did not appear that the estate was insolvent. The jury found for the plaintiff the said items of indebtedness, with interest till the giving of the verdict. *Held,* that the jury were authorized to infer that the intestate bought iron enough to iron the wagon. *Held,* also, that the jury were authorized to allow interest on both items to the time of giving their verdict. *Held,* also, that the witness was competent.

Saturday,
May 29.

ERROR to the *Decatur* Probate Court.

Smith, J.—This was an action of assumpsit commenced by *Barlow,* administrator of *Isaac Short,* against the plaintiff in error. The declaration alleges that *Martin* and one *Montgomery,* as partners, were indebted to *Short,* in his life-time, 99 dollars and 35 cents, for charcoal sold and delivered, and 13 dollars for money lent and advanced.

*Martin* appeared and pleaded separately four pleas, one of which was non assumpsit. The cause was submitted to a jury, and the plaintiff obtained a judgment for 148 dollars and 50 cents damages.

The item of 99 dollars and 35 cents for charcoal was clearly proved. To sustain the item for money lent and advanced, the plaintiff introduced a witness who testified that he heard *Montgomery* tell *Short,* at a time when *Martin* and *Montgomery* were keeping a blacksmith's shop as partners, that if *Short* would advance the money and purchase iron for a wagon, he, *Montgomery,* would put the iron on a wagon, sell the wagon, and pay *Short* what he owed him; and that *Short* did purchase the iron, pay for it, and deliver it to *Montgomery.*

We think this evidence was sufficient to justify the jury in finding that there was a sufficient quantity of iron bought to iron a wagon, and, therefore, to find the cost or amount of money advanced for that purpose, within the amount charged in the declaration.

The amounts due for these two items, namely, the coal and the money advanced for iron, with interest thereon up to the time of the judgment, would amount to the damages found by the jury, and from the time those

sums had been due, and from the fact that *Short* had been required to advance money for iron, in order to obtain payment of the debt before due to him, we think the jury were justified in giving interest for a vexatious delay of payment under the statute.

One *Kercheval*, a witness for the plaintiff, was objected to on the ground that he was incompetent from interest. He admitted that he had had an account or claim against *Short's* estate, but said he had balanced his books and did not expect to obtain anything, because he was unable to prove his account.   As there was no evidence of insolvency, it does not appear that the witness had any interest in increasing the assets, and the objection made to him is untenable.

Several instructions requested by the defendant were refused on the ground that they were irrelevant.   We do not think that the Court erred in refusing these instructions, or that those that were given are objectionable.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent*. damages and costs.

*A. Davison*, for the plaintiff.

*J. Robinson*, for the defendant.